UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MB Financial Bank NA,<br><br>       Appellant,<br> v.<br><br>T–L Conyers, LLC, T–L Smyrna, LLC,<br>T–L Cherokee South, LLC, and T–L<br>Village Green, LLC,<br><br>       Appellees. | Civil Action No. 2:14-CV-407-JVB<br><br>Member Cases:  2:14-CV-408-JVB<br>          2:14-CV-409-JVB<br>          2:14-CV-410-JVB |

**OPINION AND ORDER**

  Appellant, MB Financial Bank NA, brings this appeal as a result of the Northern District of Indiana Bankruptcy Court's decision to deny its motion for relief from an automatic stay in four associated cases. In these cases, Appellees each own a separate commercial shopping center which serves as the only collateral for loans extended by the Appellant's predecessor financial institution. Appellees all opened Chapter 11 bankruptcy cases regarding these loans, which were subject to an automatic stay. An automatic stay prevents pre-petition creditors from taking any action to collect their debts and goes into effect upon the filing of the bankruptcy petition by the debtor. *Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1231 (7th Cir. 1990).

  Appellant maintains that 11 U.S.C. § 362(d)(3) mandates that the automatic stay be terminated in these cases. Section 362(d)(3) allows a party in interest, after providing notice to the debtor, to obtain relief from an automatic stay when the debtor's collateral is "single asset real estate," as it is here. Pursuant to § 362(d)(3), the Bankruptcy Court will grant the party in interest relief from the automatic stay if the debtor has not "(A) filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or (B) . . . commenced

monthly payments," within 90 days after the entry of the order for relief. 11 U.S.C. § 362(d)(3). Appellant argues that Appellees have failed to follow either of these courses of actions, and, as a result, the Bankruptcy Court erred by denying their motion to terminate the automatic stay.

Appellees counter that their actions satisfied § 362(d)(3). Appellees maintain that they filed a reorganization plan within the § 362(d)(3) deadline. This reorganization plan contained a unique provision dubbed the "deemed substantive consolidation" provision, for which the Bankruptcy Court scheduled a hearing to review. After the hearing, the Bankruptcy Court found that this provision could not be included in the reorganization plan. Appellees appealed this ruling in each of the four Chapter 11 cases. Before any of these appeals could be heard, Appellees filed an amended reorganization plan that did not include the deemed substantive consolidation provision and withdrew their appeals. Appellees contend that even though this amended plan was filed outside of the 90 day requirement in § 362(d)(3), it is still sufficient to defeat Appellant's motion for relief from the automatic stay. The Bankruptcy Court agreed with Appellees and denied Appellant's motions for relief. For the reasons outlined below, this Court agrees with the Bankruptcy Court and affirms its decision.

### A. Background

On February 1, 2013, Appellees filed voluntary petitions under Chapter 11 of the Bankruptcy Code. (DE 1, R. 44.)[1] The Appellees operated their businesses and managed their commercial shopping centers as Debtors-in-Possession since these filings. (*Id.*) Appellees concede that their property constitutes "single asset real estate," as that term is defined in § 101(51B) of the Bankruptcy Code. (DE 1, R. 400.)

---

[1] Unless otherwise indicated, all citations to the Record are to the Record filed in Case No. 2:14-CV-407.

On June 12, 2013, the Appellees filed their Joint Plan of Reorganization that encompassed all four associated properties and Chapter 11 cases. (DE 1, R. 42–72.) Appellant filed its Objection on July 26, 2013, arguing that this Joint Plan could not be confirmed because it contemplated a "deemed substantive consolidation" and was "unconfirmable on its face." (DE 1, R. 193.) The deemed substantive consolidation provision proposed to "coalesce certain types of claims held by creditors of each of the [] debtors into a single class of claims." (DE 1, R. 246–247.) The provision would also keep the "respective asset bases of each of the five debtors [] separate, and the five debtors [would] continue to be five separate entities. (*Id.*) "However, payments required to be made under the plan [could] be made by any or all of the debtors to any of the classes of creditors under the plan." (*Id.*)

Appellant objected to this provision and the Bankruptcy Court ordered the parties to brief the issue and scheduled a hearing. (DE 1, R. 10.) Appellees contended that this provision was "permitted under and provided for in Section 1123(a)(5)(C) of the Bankruptcy Code." (DE 1, R. 63.) Following the hearing, the Bankruptcy Court sustained Appellant's objection and found that the "deemed substantive consolidation provisions of the Plan [could] not be sustained as a matter of law." (DE 1, R. 247.) The Bankruptcy Court determined that Appellees' Joint Plan was "premised upon" the deemed substantive consolidation provision being approved. (DE 1, R. 63.) The Bankruptcy Court also found that the deemed substantive consolidation provision was not permitted under § 1123(a)(5)(C) of the Bankruptcy Code. (DE 1, R. 255.) The Bankruptcy Court then stated that "the court determines that the debtor (as a separate debtor proposing a disclosure statement and plan) should be allowed to file an amended plan in accordance with the court's determination." (*Id.*)

On October 16, 2013, the Appellees filed four separate appeals regarding the Bankruptcy Court's ruling on the deemed substantive consolidation provision. (DE 1, R. 307; DE 14,

Appellant's Br. at 11.) While awaiting a decision on their appeals, Appellees amended their reorganization plan to eliminate the deemed substantive consolidation provision and more closely align their plan with the ruling of the Bankruptcy Court. (DE 14, Appellant's Br. at 11–12.) The Appellees then filed their amended reorganization plans with the Bankruptcy Court and immediately dismissed their appeals of the Bankruptcy Court's decision, with the consent of the Appellant. (Case No. 2:14-CV-407, DE 1-1, R. 48; Case No. 2:14-CV-408, DE 1, R. 482; Case No. 2:14-CV-409, DE 1, R. 474; Case No. 2:14-CV-410, DE 1, R. 473.)

Following the dismissal of the appeals, Appellant again sought relief from the automatic stay. Appellant made two primary arguments to the Bankruptcy Court concerning the Appellees' alleged failure to file a plan of reorganization that had "a reasonable possibility of being confirmed within a reasonable time." (DE 1-1, R. 288.) First, Appellants argued that the original plan of reorganization, which was filed before the expiration of the 90-day deadline in § 362(d)(3) and contained the deemed substantive consolidation provision, did not have a reasonable possibility of being confirmed. The basis of this argument rested on the Bankruptcy Court's October 7, 2013, decision, which found that this plan "[could not] be confirmed as a matter of law." (DE 1, R. 256.) Next, the Appellants argued that the amended plan of reorganization was not filed within 90 days as required by § 362(d)(3). (DE 10, Appellant's Br., at 4–5.) Appellant maintains that Appellees' failure to amend within the 90 day window was fatal and the Bankruptcy Court did not have the discretion to extend the automatic stay. (*Id.*)

The Bankruptcy Court was unconvinced by the Appellant's arguments. The Bankruptcy Court's analysis focused on whether the initial reorganization plan had a reasonable possibility of being confirmed within a reasonable time. First, the Court found that the initial reorganization plan, with the deemed substantive consolidation provision, "was not patently unconfirmable, and it had a realistic chance of being confirmed." (DE 1-1, R. 298.) While the Bankruptcy Court

4

ruled against the Appellees on the matter of the deemed substantive consolidation provision, it did concede that the issue was "literally one of first impression in . . . the federal court system" and "the [Appellees] had a reasonable possibility of succeeding in relation to an appeal in the Seventh Circuit." (DE 1-1, R. 297.) Additionally, the Bankruptcy Court opined that "reasonable possibility is a relatively low standard . . . analogous in the context of a civil case to the standard for stating a claim in response to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." (*Id.* at 295.)

When examining whether the plan could be confirmed within a reasonable time, the Bankruptcy Court looked at the totality of the circumstances. First, the Bankruptcy Court noted that the first reorganization plan "was filed within the 90 day time frame required by § 362(d)(3)(A). (*Id.* at 295.) The Bankruptcy Court then found that the concept of reasonable time includes scenarios, like this one, where a party dismisses their appeal and submits a revised plan to expedite the reorganization process, even if the revised plan falls outside the 90 day window proscribed by § 362(d)(3)(A). The Court reasoned that Appellees' chosen course of action "probably [took] far less time than completing the appeal of the deemed substantive consolidation provision." (*Id*. at 298.)

### B. Analysis

On appeal, Appellant argues two things. First, Appellant argues that the first reorganization plan filed before the § 362(d)(3) deadline did not have a reasonable possibility of being confirmed within a reasonable time. This argument relies upon the Law of the Case doctrine, which cautions that "a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007). Appellant maintains that allowing

Appellees to amend outside of the 90 day time frame envisaged by § 362(d)(3) is counter to the Bankruptcy Court's decision regarding the deemed substantive consolidation provision. Second, Appellant insists that the Bankruptcy Court's decision defeats the Congressional purpose of § 362(d)(3), which encourages the swift resolution of Chapter 11 cases involving single asset real estate debtors. Appellees counter that the denial of stay relief was not an abuse of discretion by the Bankruptcy Court and that the Law of the Case argument was waived, and, even if it was not waived, it is unsupported by law in this instance. For the reasons outlined below, the Court affirms the ruling of Bankruptcy Court.

First, the Law of the Case doctrine is inapplicable here. The Bankruptcy Court's October 7, 2013, Order only found that the concept of "deemed substantive consolidation" was not within the provisions of § 1123(a)(5)(C) of the Bankruptcy Code. (DE 1, R. 255.) The Order then went on to find that the deemed substantive consolidation provision could not be included in the reorganization plan, but that Appellees were permitted to file an amended plan. (*Id.*) For a party to invoke the Law of the Case doctrine, the court must revisit a previous ruling. This has not occurred here. The Bankruptcy Court did not reconsider or modify its ruling regarding the deemed substantive consolidation provision. Accordingly, Appellant's Law of the Case argument fails.

Next, Appellant argues that the original Joint Plan did not have a reasonable possibility of being confirmed in a reasonable time. This argument purportedly relies on the Bankruptcy Court's ruling on the deemed substantive consolidation provision. Nevertheless, Appellant's argument runs counter to the actual findings of the Bankruptcy Court. For instance, the Bankruptcy Court questioned its own decision on the deemed substantive consolidation and remarked that "the [Appellees] had a reasonable possibility of succeeding in relation to an appeal in the Seventh Circuit." (DE 1-1, R. 297.) Appellees exercised their right to appeal the

Bankruptcy Court's ruling, and, if they had prevailed on appeal, their plan would have satisfied the 90-day requirement in §362(d)(3). As a result, if victorious in their appeal, Appellees could have amended that plan at any point before confirmation, even outside of the 90-day timeframe. Moreover, the Bankruptcy Court, from a position of expertise, concluded that the Appellees' chosen course of action, dismissing their appeal and filing an amended reorganization plan, actually expedited the process. (*See* DE 1-1, R. 298)("Thus, proceedings with respect to the original plan – filed timely within 11 U.S.C. § 362(d)(3)(A) requirements – could foreseeably **easily** have taken as long as several years . . .".) Consequently, the Court affirms the Bankruptcy Court's ruling that the Appellees filed a plan in accordance with § 362(d)(3), even though that plan was subsequently amended.

Appellant is mistaken that this result defeats the Congressional purpose of § 362(d)(3). As stated previously, Appellees' actions expedited these Chapter 11 cases, which is the purpose of § 362(d)(3). Moreover, Appellant acquiesced to the dismissal of the appeals regarding the deemed substantive consolidation provision. To allow Appellant to accede to Appellees' request to dismiss their appeals, when they were aware of the amended reorganization plan filed by the Appellees, and then prevail here would pervert the procedures of the Bankruptcy Court. The Appellant benefitted from Appellees' actions, both in terms of time to resolve these Chapter 11 cases and in saving legal fees associated with the appeals. Consequently, any argument that Appellant was disadvantaged by the Appellees' actions is disingenuous.

Appellant also contends that the 90 day requirement in § 362(d)(3) is eviscerated by the bankruptcy judge's ruling. Appellant is incorrect. Appellant contends that debtors, such as Appellees, will now be able to file a patently unconfirmable reorganization plan to satisfy the 90-day requirement, with the hopes of amending it later. Presumably, if Appellees had filed such a

plan with the Bankruptcy Court, this case would have turned out differently. But, that is not the case here, which makes the analysis more straightforward.

Finally, the Court concurs with the Bankruptcy Court's interpretation of *In re River East Plaza, LLC*, 669 F.3d 826 (7th Cir. 2012), which implies that the Bankruptcy Court has significant discretion with respect to both granting stay relief and dismissing a case. *River East Plaza*, 669 F.3d at 833–834 (affirming the bankruptcy judge's opinion and agreeing that the judge "was not required to stretch out the Chapter 11 proceeding any longer.") The language in *River East Plaza* both expressly and impliedly proclaims that a bankruptcy judge has significant discretion when addressing a request to grant relief from an automatic stay. As a result, the Court is convinced that the judge in this case did not abuse that discretion.

C. **Conclusion**

As discussed above, the bankruptcy court did not abuse its discretion in deciding that the Appellees' amended reorganization plans satisfied § 362(d)(3). Therefore, the Court affirms the bankruptcy court's decision of August 27, 2014.

**SO ORDERED** on February 4, 2015.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE